**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Sellathurai ("Ganesh") Sriganesha and Sangeetha Sriganesha,<br><br>Plaintiffs,<br><br>v.<br><br>City of Milton, Georgia; and Jason Griffin, in his individual capacity,<br><br>Defendants. | Case No.:<br>1:26-cv-4820 |

**Defendants' Motion to Stay Discovery and to Suspend the Joint Preliminary Report and Discovery Plan Deadline, and Brief in Support**

Defendants have moved to dismiss this case. Plaintiffs lack standing, so this Court may lack jurisdiction to hear it at all. Even if it has jurisdiction, Chief Griffin is entitled to qualified immunity, an immunity from suit itself, not just from liability. Discovery should wait until the Court decides those questions. Requiring Chief Griffin to litigate discovery before the Court rules on his immunity defeats the protection qualified immunity is designed to give him. And requiring the parties to negotiate and file a Joint Preliminary Report and Discovery Plan for a case that may never reach discovery wastes everyone's time, including the Court's.

Defendants ask the Court to stay all discovery pending resolution of Defendants' Motion to Dismiss, and to suspend the Local Rule 16.2 deadline for

filing the Joint Preliminary Report and Discovery Plan until thirty days after the Court rules on that motion.

**Argument and Citation of Authorities**

**1. A stay is warranted because Defendants' motion challenges the Court's jurisdiction and may dispose of the entire case.**

A district court has broad discretion to stay discovery pending resolution of a motion that could dispose of the case, and should exercise that discretion where the motion raises a facial challenge to the legal or jurisdictional sufficiency of the claims.[1] Facial challenges of that kind, unlike factual disputes, do not require discovery to resolve; they turn on the four corners of the Complaint.

Defendants' lead argument is exactly that kind of challenge. Plaintiffs' claims rest on the non-prosecution of a third party, an injury the Eleventh Circuit held does not confer Article III standing weeks before this suit was filed.[2] If Plaintiffs lack standing, this Court lacks subject-matter jurisdiction over the entire Complaint, and no discovery can supply jurisdiction the pleadings do not establish. The Court should decide that threshold, potentially case-dispositive question before the parties, and the Court, spend any resources on discovery.

---

[1] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).
[2] *Peden v. Stephens*, --- F.4th ----, 2026 WL 2420934 (11th Cir. Aug. 19, 2026).

**2. Chief Griffin's qualified immunity defense independently requires a stay of discovery.**

Qualified immunity is immunity from suit, not merely a defense to liability, and that immunity includes the burdens of pretrial discovery itself.[3] As the Eleventh Circuit has explained, qualified immunity gives government officials "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery."[4] That is why qualified immunity should be resolved at the earliest possible stage of litigation, before the officer is subjected to discovery at all.[5]

Chief Griffin has raised qualified immunity as an alternative ground for dismissal of Count I. Forcing him into discovery now, before the Court decides whether he is immune from suit, inflicts the precise harm qualified immunity exists to prevent. That harm cannot be undone later; once the burdens of discovery are incurred, no ruling in Chief Griffin's favor can give that back to him.

**3. The balance of harms favors a stay.**

Plaintiffs lose nothing from a short stay while the Court resolves a threshold motion. The claims, if they survive, will still be here; a brief delay in discovery causes no prejudice that could not be remedied by the existing

[3] *Cottrell v. Caldwell*, 85 F.3d 1480, 1487 (11th Cir. 1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).
[4] *Cottrell*, 85 F.3d at 1487.
[5] *Mitchell*, 472 U.S. at 526; *Koch v. Rugg*, 221 F.3d 1283, 1294 (11th Cir. 2000) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)).

schedule. Defendants City of Milton and Chief Griffin, by contrast, face real and irreparable prejudice if discovery proceeds now: the cost, distraction, and intrusion of pretrial litigation Chief Griffin is entitled to avoid altogether if his immunity defense succeeds, and jurisdictional discovery this Court may have no power to order in the first place if Plaintiffs lack standing. That imbalance favors a stay.

**4. The joint preliminary report and discovery plan deadline should be suspended for the same reasons.**

Local Rule 16.2 requires the parties to file a Joint Preliminary Report and Discovery Plan within thirty days after the appearance of the first defendant by answer or motion.[6] Defendants' Motion to Dismiss is that appearance, so the current filing deadline runs while the Court's jurisdiction, and Chief Griffin's immunity from suit, remain unresolved. Requiring the parties to confer and propose a discovery schedule for a case that may be dismissed for lack of jurisdiction, or that may proceed, if at all, only against the City on a narrower claim, serves no purpose and risks wasting the effort a report prepared now would represent.

Defendants ask the Court to suspend the Local Rule 16.2 deadline, and to direct that the Joint Preliminary Report and Discovery Plan be filed within thirty days after the Court rules on Defendants' Motion to Dismiss, rather than on the current schedule.

---

[6]N.D. Ga. Civil L.R. 16.2.

## Conclusion

For these reasons, Defendants ask the Court to stay all discovery pending resolution of Defendants' Motion to Dismiss, and to suspend the Local Rule 16.2 deadline for filing the Joint Preliminary Report and Discovery Plan until thirty days after the Court rules on that motion.

Respectfully Submitted,

/s/ J. Scott Key
J. Scott Key
Ga. Bar No. 416839
*Attorney for Defendants*

## Certificate of Compliance

I certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully Submitted,

/s/ J. Scott Key
J. Scott Key
Ga. Bar No. 416839
*Attorney for Defendants*

J. Scott Key, LLC
199 West Jefferson Street
Madison, GA 30650
(678) 610-6624
scott@scottkeylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Sellathurai ("Ganesh") Sriganesha and Sangeetha Sriganesha,<br><br>Plaintiffs,<br><br>v.<br><br>City of Milton, Georgia; and Jason Griffin, in his individual capacity,<br><br>Defendants. | Case No.:<br>1:26-cv-4820 |

**Certificate of Service**

I certify that I have served an accurate and true copy of the foregoing Motion to Stay Discovery and to Suspend the Joint Preliminary Report and Discovery Plan Deadline, and Brief in Support via U.S. Mail upon:

Sellathurai Sriganesha
Sangeetha Sriganesha
315 Eagles Pass
Milton, Georgia 30004

This the 8th day of September, 2026.

Respectfully Submitted,

/s/ J. Scott Key
J. Scott Key
Ga. Bar No. 416839
*Attorney for Defendants*

J. Scott Key, LLC
199 West Jefferson Street
Madison, GA 30650
(678) 610-6624
scott@scottkeylaw.com