**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Sellathurai (“Ganesh”) Sriganesha and Sangeetha Sriganesha,<br><br>Plaintiffs,<br><br>v.<br><br>City of Milton, Georgia; and Jason Griffin, in his individual capacity,<br><br>Defendants. | Case No.:<br>1:26-cv-4820-SEG |

**Defendants’ Renewed Motion to Dismiss**
**First Amended Complaint**

Defendants City of Milton, Georgia and Chief Jason Griffin move to dismiss the First Amended Complaint (“FAC”)[1] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The FAC superseded the original Complaint, and this motion supersedes Defendants’ original motion to dismiss.[2]

Four independent grounds support dismissal:

1. **Standing.** Under Rule 12(b)(1), Plaintiffs lack Article III standing to challenge Chief Griffin’s January 2025 extradition response and MPD’s 2026 decision not to reopen its investigation of Fisher.[3] A private citizen has no

[1] *See* Doc. 8.
[2] Doc. 5.
[3] Doc. 8 at ¶¶ 43, 46-49.

judicially cognizable interest in the prosecution of another. That slice of Count I should be dismissed without prejudice.

2. **Qualified immunity.** Under Rule 12(b)(6), Chief Griffin is entitled to qualified immunity on the balance of Count I. Plaintiffs do not tie him personally to two of the four timely decisions they plead, and no clearly established law forbids the complaint-classification and detective-assignment decisions they challenge.

3. ***Monell.***[4] Under Rule 12(b)(6), Count II fails on both final-policymaker theories. The City's own ordinance places police policy authority with the Chief, not the City Manager. And the Chief's individual case dispositions are casework, not City policy.

4. **Timeliness.** The pre-2024 conduct Plaintiffs plead is not independently timely, and O.C.G.A. § 9-3-99 does not make it so. At most, that conduct is background and comparator evidence.

As Local Rule 7.1(A)(1) requires, this motion is accompanied by a brief citing supporting authority, filed with it and incorporated by reference.

Defendants ask the Court to dismiss Plaintiffs' First Amended Complaint ¶¶ 43 and 46-49 without prejudice for lack of subject-matter jurisdiction, dismiss

[4] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94 (1978).

the balance of Count I and all of Count II under Rule 12(b)(6), and hold that the pre-2024 conduct is not an independent, separately timely basis for relief.

Respectfully submitted,

/s/ J. Scott Key
J. Scott Key
Ga. Bar No. 416839
*Attorney for Defendants*

J. Scott Key, LLC
199 West Jefferson Street
Madison, GA 30650
(678) 610-6624
scott@scottkeylaw.com

**Certificate of Compliance**

I certify that this brief has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(B), and that it is double-spaced as required by Local Rule 5.1(C)(2).

/s/ J. Scott Key
J. Scott Key
Ga. Bar No. 416839
*Attorney for Defendants*

J. Scott Key, LLC
199 West Jefferson Street
Madison, GA 30650
(678) 610-6624
scott@scottkeylaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Sellathurai ("Ganesh") Sriganesha and Sangeetha Sriganesha,<br><br>Plaintiffs,<br><br>v.<br><br>City of Milton, Georgia; and Jason Griffin, in his individual capacity,<br><br>Defendants. | Case No.:<br>1:26-cv-4820-SEG |

**Certificate of Service**

I certify that I have served an accurate and true copy of the foregoing Defendants' Renewed Motion to Dismiss First Amended Complaint via U.S. Mail upon:

Sellathurai Sriganesha
Sangeetha Sriganesha
315 Eagles Pass
Milton, Georgia 30004

This the 28th day of September, 2026.

Respectfully submitted,
/s/ J. Scott Key
J. Scott Key
Ga. Bar No. 416839
*Attorney for Defendants*

J. Scott Key, LLC
199 West Jefferson Street
Madison, GA 30650
(678) 610-6624
scott@scottkeylaw.com