FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 13 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SELLATHURAI ("GANESH") SRIGANESHA and SANGEETHA SRIGANESHA,<br>Plaintiffs,<br><br>v.<br><br>CITY OF MILTON, GEORGIA; and JASON GRIFFIN, in his individual capacity,<br>Defendants. | Civil Action No.<br>1:26-cv-04820-SEG |

**PLAINTIFFS SELLATHURAI ("GANESH") SRIGANESHA AND SANGEETHA SRIGANESHA'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY AND TO SUSPEND THE JOINT PRELIMINARY REPORT AND DISCOVERY PLAN DEADLINE [DOC. 12]**

We are Sellathurai ("Ganesh") Sriganesha and Sangeetha Sriganesha, the plaintiffs in this case. We appear without an attorney and jointly respond to Defendants' Renewed Motion to Stay Discovery and to Suspend the Joint Preliminary Report and Discovery Plan Deadline [Doc. 12] as follows.

1. We do not oppose Defendants' request "to stay all discovery pending resolution of Defendants' Renewed Motion to Dismiss" [Doc. 11]. Doc. 12 at 2, 6. We understand that request to concern discovery under the Federal Rules of Civil Procedure. This is consistent with paragraph 2 of the response we filed to

Defendants' first motion to stay, Doc. 6. Chief Griffin has raised qualified immunity by motion, and, subject to paragraph 4, we do not ask for discovery while that motion is pending. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). No answer has been filed, so the discovery period has not opened in any event. LR 26.2(A), NDGa.

2. We agree that the Local Rule 16.2 deadline for the Joint Preliminary Report and Discovery Plan should be suspended. Doc. 12 at 5–6. Two related deadlines, under rules Doc. 12 does not cite, run from the same event, Defendants' appearance by motion on September 8, 2026 [Doc. 5]: the Rule 26(f) conference, due within sixteen days under LR 16.1, and initial disclosures, due within thirty days under LR 26.1(A). By our calculation those dates were September 24 and October 8, 2026. The first passed while Defendants' first stay motion was pending, and the parties have not conferred. The second arrived before briefing on Doc. 12 closed. We do not seek separate relief. We ask only that any order granting Doc. 12 address these related dates for all parties: that it suspend the three obligations, including the two dates that have passed, and direct that, if any claim remains when the stay ends, the conference be held within sixteen days, and the report be filed and initial disclosures made within thirty days, after the stay ends.

3. We ask that the order note that nothing in it alters any party's existing obligations to preserve evidence. "Many court decisions hold that potential litigants have a duty to preserve relevant information when litigation is reasonably foreseeable." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Suspending the Rule 26(f) conference postpones the parties' discussion of "any issues about preserving discoverable information," Fed. R. Civ. P. 26(f)(2), and the events pleaded reach back to March 2023, First Am. Compl. [Doc. 8] ¶¶ 11–49. This request does not suggest that any evidence has been lost, and these obligations apply equally to us.

4. Our non-opposition rests on Defendants' description of Doc. 11 as a facial challenge. Defendants describe a facial challenge as one that "turn[s] on the four corners of the complaint" and state that "[e]very ground in the renewed motion is that kind of challenge." Doc. 12 at 2. If the Court's consideration of Doc. 11 extends beyond the pleadings, any relief we seek will be by motion.

5. Our non-opposition is limited to the period before the Court rules on Doc. 11, with one extension. We intend to move for leave to file a Second Amended Complaint, and if leave is granted we do not oppose continuing the stay until the Court rules on any motion under Rule 12(b) directed to that pleading. Our non-opposition is not a concession on any ground of Doc. 11, which we oppose. It is

not agreement with the other statements in Doc. 12, including its argument that "[d]iscovery against the City cannot proceed without Chief Griffin." Doc. 12 at 4. And it is not a position on any later request for a stay, or on the scope or sequence of discovery after the Court rules.

**CONCLUSION**

We do not oppose the stay requested in Doc. 12. We respectfully request that the order (1) grant that stay through the Court's ruling on Doc. 11 and, if a Second Amended Complaint is filed by leave of Court, through its ruling on any Rule 12(b) motion directed to that pleading; (2) suspend the LR 16.1, LR 16.2, and LR 26.1(A) deadlines for all parties and reset them as stated in paragraph 2; and (3) note that nothing in it alters any party's existing obligations to preserve evidence. A proposed order is attached for the Court's convenience.

Respectfully submitted this 12 day of October, 2026.

______________________________

Sellathurai ("Ganesh") Sriganesha
Plaintiff, pro se
315 Eagles Pass
Milton, Georgia 30004
Telephone: (864) 498-9953
Email: ganesh.sellathurai@gmail.com

______________________________

Sangeetha Sriganesha
Plaintiff, pro se
315 Eagles Pass
Milton, Georgia 30004
Telephone: (864) 252-6658
Email: sangee.ganesh@gmail.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Civil Local Rule 7.1(D), we certify that this response has been prepared in Times New Roman 14-point font, as permitted by N.D. Ga. Civil Local Rule 5.1(C), with double-spaced body text.

______________________________

Sellathurai ("Ganesh") Sriganesha, Plaintiff, pro se

______________________________

Sangeetha Sriganesha, Plaintiff, pro se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SELLATHURAI ("GANESH") SRIGANESHA and SANGEETHA SRIGANESHA,<br>Plaintiffs,<br><br>v.<br><br>CITY OF MILTON, GEORGIA; and JASON GRIFFIN, in his individual capacity,<br>Defendants. | Civil Action No.<br>1:26-cv-04820-SEG |

**CERTIFICATE OF SERVICE**

We certify that on October 12, 2026, we served a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Renewed Motion to Stay Discovery [Doc. 12], with the attached proposed order, by depositing it in the United States Mail, first-class postage prepaid, addressed to:

J. Scott Key
J. Scott Key, LLC
199 West Jefferson Street
Madison, Georgia 30650
Counsel for Defendants

A courtesy copy was also sent to scott@scottkeylaw.com.

Sellathurai ("Ganesh") Sriganesha,
Plaintiff, pro se

Sangeetha Sriganesha,
Plaintiff, pro se