**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SELLATHURAI ("GANESH") SRIGANESHA and SANGEETHA SRIGANESHA,**<br>**Plaintiffs,**<br>**vs.**<br>**CITY OF MILTON, GEORGIA; and JASON GRIFFIN, in his individual capacity,**<br>**Defendants.** | **CIVIL ACTION FILE NO.: 1:26-CV-04820-SEG**<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT OUT OF TIME AND MEMORANDUM IN SUPPORT

Plaintiffs Sellathurai ("Ganesh") Sriganesha and Sangeetha Sriganesha, by counsel, respectfully move under Federal Rules of Civil Procedure 15(a)(2) and 6(b)(1)(B), to the extent Rule 6 applies, for leave to file their Second Amended Complaint ("SAC"). The proposed SAC is submitted separately as Exhibit A. Plaintiffs acknowledge that their October 13, 2026 opposition to Defendants' renewed motion to dismiss [Doc. 14] requested an opportunity to amend but did not include a separate motion or the proposed pleading. This motion promptly formalizes that request before the Court has ruled on the pending motion to dismiss. In support, Plaintiffs state as follows:

**BACKGROUND**

1. Plaintiffs filed their First Amended Complaint ("FAC") on September 21, 2026, as a matter of course under Rule 15(a)(1)(B). [Doc. 8.]

2. Defendants filed a renewed motion to dismiss the FAC on September 28, 2026. [Doc. 11.] The motion challenges, among other things, standing, the sufficiency of the individual and municipal claims, and the timeliness of earlier events.

3. In their opposition, Plaintiffs expressly requested leave to file a Second Amended Complaint. [Doc. 14 at 20–21.] The opposition explained that the proposed SAC corrects descriptions of documents, distinguishes actual report dispositions from Plaintiffs' characterizations, and clarifies the scope of their claims. The updated records further correct the October 2024 chronology: the safety emails went to the Mayor, City Manager Krokoff, and Deputy City Manager Inglis; Griffin was copied only on Krokoff's October 22 response, after the October 21 "Unfounded" disposition. The proposed SAC does not allege that Griffin personally handled that report. It also identifies the January 2026 reporting officer and accurately pleads that the report was referred to CID for review, with no result communicated, without attributing that handling to Griffin.

4. Although Plaintiffs stated that the proposed SAC had been prepared and requested leave, they did not file a separate motion or attach the proposed pleading.

Plaintiffs now submit the exact proposed SAC separately as Exhibit A so the Court and Defendants can review the requested changes.

5. On October 19, 2026, the Court stayed all pretrial proceedings and discovery, including the parties' initial-disclosure, Rule 26 conference, and Local Rules 16 and 26 obligations, pending resolution of the renewed motion to dismiss. [Doc. 17.] The docket reflects no scheduling order or case-specific deadline for amending pleadings, and discovery has not begun.

## ARGUMENT

### I. Rule 15 favors leave to amend on this record.

After a party has amended once as a matter of course, further amendment requires the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The Court should freely give leave when justice so requires. The recognized grounds for denying leave include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

The record shows no repeated failure to cure. Plaintiffs have filed one amended complaint. Their opposition to the pending motion identified the corrections sought and expressly requested leave. The proposed SAC keeps the same parties and counts and clarifies the factual allegations in response to the

issues raised by Defendants. It corrects the October 2024 sequence and the January 2026 report details, and it does not attribute either report's handling to Griffin without supporting facts. Plaintiffs submit the full proposed pleading now, allowing the Court to evaluate the actual amendment rather than a description of it.

The motion is timely under N.D. Ga. Civil Local Rule 7.1(A)(2), which measures the filing period for other motions from the beginning of discovery. Discovery has not begun; it is stayed under the Court's October 19 order. No scheduling order or pleading-amendment deadline has expired. Plaintiffs nonetheless ask the Court to treat this motion as a prompt formalization of the request made in Doc. 14.

There is no case-management prejudice. Defendants' renewed motion to dismiss remains pending, and discovery and all pretrial proceedings are stayed. The proposed SAC does not add a party or claim, and Defendants can respond to the operative pleading under the Federal Rules. This is Plaintiffs' first formal motion for leave, made before the Court has ruled on the pending motion. The amendment will therefore permit the merits to be addressed on a more precise pleading without disrupting discovery or a schedule.

**II. The omission should be excused if Rule 6(b) applies.**

Rule 6(b)(1)(B) permits an extension after a deadline has expired upon a motion showing excusable neglect. Plaintiffs recognize that their opposition

requested leave but did not separately move for it or attach the proposed pleading. That was a procedural omission: Plaintiffs placed the request in their opposition, but did not file a separately captioned motion with the proposed SAC. They now cure that omission while the motion to dismiss remains under submission and before any ruling or discovery has occurred.

The equitable considerations support allowing the request to be heard. Twenty-nine days have elapsed since the October 13 opposition, but that interval has not altered the case schedule: no scheduling order has been entered, and the Court has stayed all pretrial proceedings. Defendants have been on notice since October 13 that Plaintiffs sought leave to file a corrected complaint. The proposed SAC now corrects the October 2024 sequence and pleads the January 2026 report based on the facts presently documented, without attributing either report's handling to Griffin without supporting facts. The proposed SAC retains the same defendants and counts. Plaintiffs now provide the pleading and seek a ruling before the pending motion is decided. The request will cause no undue prejudice and will allow the Court to consider the precise pleading Plaintiffs intend to pursue. See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993) (excusable neglect is an equitable determination considering all relevant circumstances); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850–51 (11th Cir. 1996) (applying those factors).

If the Court concludes that Rule 6(b)(1)(B) governs the timing of this request, Plaintiffs respectfully ask the Court to find excusable neglect based on the circumstances reflected in the docket and to consider the request together with the liberal standard of Rule 15(a)(2). If the Court concludes no separate time extension is required, Rule 15(a)(2) independently supplies the standard for granting leave.

**REQUEST FOR RELIEF**

For these reasons, Plaintiffs respectfully request that the Court: (1) grant leave to file the proposed Second Amended Complaint submitted separately as Exhibit A; (2) deem the proposed SAC filed as of the date leave is granted, or permit Plaintiffs to file it within seven days of the Court's order; and (3) deny Defendants' renewed motion to dismiss the FAC [Doc. 11] as moot, without prejudice to Defendants' right to respond to the SAC.

Respectfully submitted this 23rd day of November 2026.

**FULLER SLOAN, LLC**
**Attorneys for Plaintiffs**

By: /s/ ***Stephen P. Fuller***
Stephen P. Fuller
Ga. Bar No. 280336
6455 East Johns Crossing
Suite 400
Johns Creek, Georgia 30097
(770) 622-4700
spf@fslaw.law

| | |
|---|---|
| **SELLATHURAI ("GANESH") SRIGANESHA and SANGEETHA SRIGANESHA,**<br>**Plaintiffs,**<br>**vs.**<br>**CITY OF MILTON, GEORGIA; and JASON GRIFFIN, in his individual capacity,**<br>**Defendants.** | **CIVIL ACTION FILE NO.: 1:26-CV-04820-SEG**<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I certify that on the date stated below, I electronically filed the foregoing motion and memorandum and separately submitted Exhibit A using the Court's CM/ECF system. The system will send notice of filing to counsel of record registered to receive electronic service, including counsel for Defendants at scott@scottkeylaw.com.

So certified this 23rd day of November, 2026.

**FULLER SLOAN, LLC**

By: /s/ ***Stephen P. Fuller***
Ga. Bar No. 280336
Stephen P. Fuller
6455 East Johns Crossing
Suite 400
Johns Creek, Georgia 30097
(770) 622-4700
spf@fslaw.law

**CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Civil Local Rule 7.1(D), I certify that this motion and memorandum have been prepared in Times New Roman 14-point font, as permitted by N.D. Ga. Civil Local Rule 5.1(C), with double-spaced body text and margins of at least one inch.

**FULLER SLOAN, LLC**

By: /s/ ***Stephen P. Fuller***
Ga. Bar No. 280336
Stephen P. Fuller
6455 East Johns Crossing
Suite 400
Johns Creek, Georgia 30097
(770) 622-4700
spf@fslaw.law